1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PIERCE COUNTY, d/b/a/ PIERCE
COUNTY REGIONAL SUPPORT
NETWORK, d/b/a/ PUGET SOUND
BEHAVIORAL HEALTH,

                    Plaintiff,

        v.

MICHAEL O. LEAVITT, Secretary of the
United States Department of Health and
Human Services,

                    Defendant.

CASE NO. C04-2308-JLR

ORDER

## I.  INTRODUCTION

        This matter comes before the court on cross-motions for summary judgment.

Defendant, the Secretary of the United States Department of Health and Human Services

(the "Secretary") moves to uphold the decision of an administrative law judge ("ALJ") in

the Civil Remedies Division of the Departmental Appeals Board, and the subsequent

decision of the Appellate Division of the Appeals Board ("Appellate Division") regarding

the effective Medicare certification date for Pierce County Behavioral Health ("PSBH"),

a psychiatric hospital in Tacoma, Washington.  (Dkt. # 11).  Plaintiff Pierce County, on

behalf of PSBH, seeks to overturn the decisions of the ALJ and Appellate Division.

(Dkt. # 12).  Neither party has requested oral argument, and the court finds these motions

ORDER – 1

appropriate for disposition based on the parties' briefing and the administrative record ("AR").  For the reasons stated below, the court GRANTS the Secretary's motion and DENIES Plaintiff's cross-motion.

## II.  BACKGROUND

PSBH challenges the Secretary's decision[1] establishing April 4, 2002 as the effective date of PSBH's Medicare application and denying it retroactive certification as a psychiatric hospital.  To achieve Medicare certification as a psychiatric hospital, PSBH must satisfy seven criteria applicable to hospitals (42 U.S.C. § 1395x(e)) and two additional criteria applicable to psychiatric hospitals (42 U.S.C. § 1395x(f)).  In January 2002, the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO") accredited PSBH as an acute care hospital after determining that it satisfied the seven Medicare criteria.  The Centers for Medicare and Medicaid Service ("CMS"), a division of the Department of Health and Human Services, certified PSBH for participation in Medicare based on JCAHO's accreditation.  While Medicare accepts JCAHO accreditation for hospitals, under 42 C.F.R. § 488.5(a)(2), Medicare does not accept JCAHO accreditation for the two criteria applicable to psychiatric hospitals.  To receive certification as a psychiatric hospital, PSBH requested that CMS conduct an accreditation survey evaluating the two additional criteria Medicare requires.  PSBH also requested a retroactive effective date to cover services provided to Medicare beneficiaries in the year prior to its certification.

In January 2002, CMS conducted its accreditation survey to determine if PSBH satisfied the applicable psychiatric hospital criteria.  Although the surveyors addressed PSBH's compliance with the two additional criteria applicable to psychiatric hospitals

---

[1]Tommy G. Thompson no longer holds the Office of Secretary of Health & Human Services.  Pursuant to Fed. R. Civ. P. 25(d), Michael O. Leavitt is automatically substituted as the Defendant in this action.

ORDER – 2

1   under 42 U.S.C. § 1395x(f), they also identified eleven lower level deficiencies under 42

2   C.F.R. §§ 482.61 and 482.62.  On April 4, 2002, PSBH filed an acceptable plan of

3   correction to address these deficiencies.  Under 42 C.F.R. § 489.13, CMS certified PSBH

4   as a psychiatric hospital as of April 4, 2002, and denied its request for a retroactive

5   certification date.

6         PSBH challenges the effective date of its certification and the denial of its request

7   for retroactive certification.  After the ALJ and the Appellate Division upheld CMS's

8   decisions, PSBH brought this action under 42 U.S.C. § 405(g) and the Administrative

9   Procedure Act ("APA") to challenge the Secretary's conclusions.

## III.  ANALYSIS

11         Although these cross-motions seek summary judgment, the court must affirm the

12   Secretary's decision if it applied the proper law and substantial evidence supports its

13   conclusion.  Generally, the court will grant summary judgment if, viewing the evidence in

14   the light most favorable to the non-moving party, there are no genuine issues of material

15   fact and the moving party is entitled to judgment as a matter of law.  Hanlester Network

16   v. Shalala, 51 F.3d 1390, 1396 (9th Cir. 1995) (citing Fed. R. Civ. P. 56(c)).  In Medicare

17   cases, a court reviews the final decision of the Secretary of the Department of Health and

18   Human Services pursuant to 42 U.S.C. § 1395cc(h), which incorporates 42 U.S.C. §

19   405(g).  Under 42 U.S.C. § 405(g), the court must affirm the Secretary's decision if

20   substantial evidence supports it and the decision is not based on legal error.  Corkill v.

21   Shalala, 109 F.3d 1348, 1351 (9th Cir. 1997).  "Substantial evidence means 'more than a

22   scintilla and is such that a reasonable mind may accept it as adequate to support a

23   conclusion.'"  Travers v. Shalala, 20 F.3d 993, 996 (9th Cir. 1994) (citing Hudson v.

24   Bowen, 849 F.2d 433, 434 (9th Cir. 1988)).

25

26

27

28

ORDER – 3

**A.** **There Was No Error in the Secretary's Decision to Certify PSBH Effective April 4, 2002.**

The critical factor in the Secretary's delay in certifying PSBH were the eleven lower level deficiencies discovered during CMS's survey of PSBH in January 2002. PSBH does not challenge the presence of the lower level deficiencies, and focuses instead on a dispute over when it first satisfied the two additional criteria applicable to psychiatric hospitals under 42 U.S.C. § 1395x(f).  This dispute is irrelevant.  PSBH does not contest the eleven lower level deficiencies.  When an accredited provider that is subject to additional requirements requests participation in the Medicare program, "the effective date of the agreement or approval is the date on which the provider or supplier meets *all requirements*, including the additional requirements."  42 C.F.R. § 489.13(d)(1)(i) (emphasis added).   Because of the unchallenged presence of eleven lower level deficiencies under 42 C.F.R. §§ 482.61 and 482.62, PSBH did not meet "all requirements" until it submitted its correction plan on April 4, 2002.  AR 191.  The court therefore affirms the Secretary's decision granting PSBH a certification date of April 4, 2002.

**B.** **PSBH Has Not Established Its Entitlement to Retroactive Certification.**

PSBH argues that even if the Secretary properly certified it as of April 4, 2002, it is entitled to a one-year retroactive certification date under 42 C.F.R. § 489.13(d)(2). The regulation states

> [i]f a provider or supplier meets the requirements of paragraphs (d)(1) and (d)(1)(i) or (d)(1)(ii) of this section, the effective date *may* be retroactive for *up to* one year to encompass dates on which the provider or supplier furnished, to a Medicare beneficiary, covered services for which it has not been paid.

42 C.F.R. § 489.13(d)(2) (emphasis added).  In requesting an effective date of April 4, 2001, PSBH disregards the permissive language contained in the regulation.  The plain language of the regulation gives the Secretary discretion to grant retroactive certification,

ORDER – 4

but does not mandate it.  <u>See</u>, <u>e.g.</u>, <u>In re Mantz</u>, 343 F.3d 1207, 1215 (9th Cir. 2003) (use

of "may" establishes a permissive empowerment, not a mandatory directive).  PSBH cites

no authority, and the court is aware of none, that limits the Secretary's discretion under

the regulation.  Absent such authority, the court finds no error in the denial of retroactive

certification.[2]

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS the Secretary's motion (Dkt. #

11) and DENIES Plaintiff's cross-motion (Dkt. # 12).[3]  The court notes that Plaintiff's

complaint contains a claim for relief under the APA.  While the court is inclined to find

that 42 U.S.C. § 405(h) limits the scope of judicial review in this action to the substantial

evidence standard applicable to 42 U.S.C. § 405(g), the parties have not addressed the

issue.  The court leaves it to them to submit briefing on the appropriate disposition of

PSBH's APA claim.

Dated this 12th day of August, 2005.

JAMES L. ROBART
United States District Judge

---

[2]Although 42 C.F.R. § 489.13(d)(2) places no limits on the Secretary's discretion in denying retroactive certification, the record indicates that the Secretary denied retroactive certification to further its goal of not providing Medicare reimbursements to providers at times when they did not comply with all federal requirements.  The record reveals no abuse of discretion.

[3]In its complaint, PSBH requests reimbursement for emergency services that it provided to Medicare beneficiaries during the period prior to its Medicare certification.  PSBH offers no response to CMS's argument that the Administrative Law Judge declined to consider this issue because PSBH did not raise it in its hearing request.  As the ALJ did not reach the issue, it is not properly before this court on judicial review.

ORDER – 5